

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 6, 1972

Honorable Preston Smith
Governor of Texas
State Capitol Building
Austin, Texas 78711

Opinion No. M-1167

Re: Necessity for subject matter of resolutions to be included in the call of a Special Session of the Legislature in order for their consideration and passage.

Dear Governor Smith:

You ask our opinion in answer to the following questions:

"(1) Does the Texas Constitution (Article III, Section 40 and Article IV, Section 15) require the Governor to enlarge the call for the Third Called Session, 62nd Legislature, to enable the Legislature to consider resolutions, the subject matter of which were not included in the present call, particularly if a point of order is raised based on this fact?

"(2) Would different constitutional grounds apply to consideration of joint resolutions and concurrent resolutions?"

You state that one of the reasons for your inquiry is that,

"The question, however, has recently risen as to whether or not the Legislature can consider certain resolutions pending before each of the Houses unless the Governor does open the Session by amending the call to include these subjects, one of which is a request to the Congress of the United States to call a convention to amend the United States Constitution to prohibit forced busing to achieve integration of our schools."

-5688-

You further state,

"There have been numerous requests to this
office to open the current Legislative Session (62nd
Legislature, Third Called Session) to allow the Legis-
lature to adopt certain resolutions on various subjects.
It has not been considered necessary in the past to in-
clude the subject matter of resolutions in the call for
a Special Session in order for their consideration and
passage by either or both Houses of the Legislature."

Your request inquires specifically of two Sections of our Texas Con-
stitution.  The first is Article III, Section 40 which restricts legislation at
a special session of the legislature.  It reads:

"When the Legislature shall be convened in
special session, there shall be no legislation upon
subjects other than those designated in the proclama-
tion of the Governor calling such session, or presented
to them by the Governor; and no such session shall be
of longer duration than thirty days." (Emphasis added.)

The second is Article IV, Section 15 which requires approval of the Gover-
nor to certain actions of the Legislature; it reads:

"Every order, resolution or vote to which the
concurrence of both Houses of the Legislature may be
necessary, except on questions of adjournment, shall
be presented to the Governor, and, before it shall take
effect, shall be approved by him; or being disapproved,
shall be passed by both Houses, and all the rules, pro-
visions and limitations shall apply thereto as prescribed
in the last preceding section in the case of a bill."

We must first consider the word "legislation" as it is used in Article
III, Section 40.  In Ex parte Wolters  Ex parte Gray, 144 S.W. 531, 538-539
574 (Tex. Crim. 1912) the court held that the term "legislation" as used in
this Section 40 comprehends only the enactment of new laws or the amend-
ment or repeal of existing ones.

The term "legislation" in constitutional provisions, so far as our research shows, is uniformly used with reference only to the enactment, amendment or repeal of laws.  Commonwealth v. Griest, 46 Atl. 505 (Pa. Sup. 1900); State v. Hyde, 22 N. E. 644, 646 (Ind. Sup. 1889); State v. Skeggs, 46 So. 268, 271 (Ala. Sup. 1908); and Hatcher v. Meredith, 173 S. W. 2d 665 (Ky. Ct. of App. 1943).

The case of Sweeny v. King, 137 A. 178 (Pa. Sup. 1927) is directly in point.  We quote from that decision:

> "At its special session held in 1926, the Legislature adopted a resolution proposing an amendment to article 15 of the state constitution, by adding a new section to it, though the subject-matter thereof was not referred to in the Governor's proclamation calling the session. . . . . Plaintiff's only contention is that a resolution for a proposed amendment to the Constitution cannot be adopted at a special session of the Legislature, unless the subject-matter thereof is included in the Governor's proclamation.  The court below did not agree with this, and dismissed the bill.  We are in accord with that conclusion. "

We are of the opinion that a resolution is not legislation; therefore, Article III, Section 40 of the Texas Constitution does not prohibit the Legislature from passing resolutions.  The subject of a resolution need not be set out in the Governor's call for a special session in order for the Legislature to validly act upon the resolution.

We turn now to consideration of whether or not Article IV, Section 15 of the Texas Constitution requires that a resolution applying to Congress to call a convention to amend the United States Constitution is required to be presented to the Governor for his approval.  In our opinion a resolution of the Texas Legislature making such an application to the Congress is not required to be submitted to the Governor for his approval and does not fall within the provisions of Article IV, Section 15 of the Texas Constitution.  Primarily, this question is resolved by Article V of the Constitution of the United States.  In its relevant portion, it reads:

"The Congress, whenever two thirds of both Houses shall deem it necessary, shall propose Amendments to this Constitution, or, on the Application of the Legislatures of two thirds of the several States, shall call a Convention for proposing Amendments . . . ." (Emphasis added.)

This provision of the National Constitution provides for application of the Legislature and the Legislature only. The most recent court decision on this point which we find is Petuskey v. Rampton, 307 F. Supp. 235, (D. C., Utah, 1969), rev'd. on other grounds 431 F. 2d 378, cert. denied. 401 U.S. 913. We quote from that case:

"3. The Action of the 1965 Utah State Legislature, in adopting a resolution calling for a federal constitutional convention, constitutes an exercise of a federal constitutional function under Article V of the Constitution of the United States . . . (at p. 256.)

". . . .

"The word 'legislatures' in the ratification clause of Article V does not mean the whole legislative process of the state -- as defined in the state constitution. Hawke v. Smith says it means the representative lawmaking body only, because 'ratification by a state of a constitutional amendment is not an act of legislation within the proper sense of the word.'

"No doubt the word 'legislatures' has the same meaning in the application clause that it bears in the ratification clause of Article V. The application is not 'an act of legislation' within the proper sense of the word." (at p. 250-251.)

This opinion cites Hawke v. Smith, 253 U.S. 221 (1920), 10 A.L.R. 1504 as having established this principle; see also Wise v. Chandler, 108 S.W. 2d 1024, 1033 (Ky. Ct. of App. 1937.)

No provision of the State Constitution can contravene a provision of the Federal Constitution because of the supremacy clause of Article VI of the Federal Constitution. The Federal Constitution is the supreme law of the land

The above view of the requirements of federal law is consistent with the procedure for amending the State Constitution provided by Article XVII, and is consistent with the reasoning of a prior opinion of this office issued in 1917. That opinion [1] held that Article IV, Section 15 of our Texas Constitution relates only ". . . to matters of ordinary legislation . . ." (Emphasis added) and,

> ". . . that a resolution proposing an amendment to the Constitution /of Texas / is not a bill or a resolution within the contemplation of Section 34 of Article 3 and is not to be controlled by the ordinary legislative procedure."
> (Emphasis added.) (at p. 763-764) [2]

The 1917 opinion was issued in answer to the inquiry,

> ". . . whether or not Article XVII of the Constitution, which authorizes the Legislature to propose amendments to the Constitution to be voted on by the people, is related to or is limited by any other provision of the Constitution in regard to legislative procedure." (at p. 760.)

The 1917 opinion was based upon the case of Commonwealth v. Griest, 46 A. 505 (Pa. Sup. 1900) (supra), and the case of Hollingsworth v. Virginia, 3 Dall. 378, 1 L. Ed. 644. The latter case was in reference to the power of

---

[1] Opinion of Attorney General B. F. Looney, to Hon. F. O. Fuller, Speaker of the House, February 13, 1917, Op. No. 1705-BK 48, p. 480, contained in Attorney General Looney's Report of Attorney General at p. 760-765. A copy of this opinion is attached.

[2] Sec. 34 of Art. III reads as follows: "After a bill has been considered and defeated by either House of the Legislature, no bill containing the same substance, shall be passed into a law during the same session. After a resolution has been acted on and defeated, no resolution containing the same substance, shall be considered at the same session."

the President of the United States under the language of Article I, Section 7, Subdivision 3 of the Federal Constitution that is similar to Article XVII, Texas Constitution.   This Attorney General Opinion was cited and followed in Attorney General Opinion No. 2761, dated March 9, 1929, to Hon. Fred H. Minor, Speaker Pro Tem of the Texas House of Representatives.

This former opinion of this office issued by Attorney General Looney correctly advises that a resolution proposing an amendment to the Constitution of Texas is not subject to the approval of the Governor under Article IV, Section 15 of the Texas Constitution.   We point out, however, that there is one material difference between the authorization of the State Constitution in Article XVII and the authorization of the National Constitution in Article V. Article XVII of the State Constitution limits to the regular biennial session of the Legislature, the authority of the Legislature to propose amendments by resolution.   Hence, a resolution in special session proposing an amendment to the State Constitution would not be proper.   There is no such limitation in Article V of the National Constitution, and the Legislature may validly pass a resolution applying to Congress to call a convention for amending the National Constitution even though it is sitting in special session.

An interesting case in which the Legislature acted by resolution, where the subject matter of the resolution certainly was not in the call of the special session, was the impeachment of Governor Ferguson.   See Ferguson v. Maddox, 114 Tex. 85, 263 S.W. 888 (1924.)  In this case the Supreme Court sustained the power of the Legislature to bring, prosecute and try impeachment proceedings against Governor Ferguson at its special session.  See also the case of Ex parte Wolters, Ex parte Gray, 144 S.W. 531 (Tex. Crim. 1912), wherein the court upheld the validity of a resolution creating a legislative investigating committee at a special session although the particular subject matter was not in the Governor's call.

Our opinions in the above matters obviously mean that no valid point of order may be raised to question the act of the Legislature in passing a resolution requesting the Congress to call a convention for the purpose of amending the National Constitution.

Your second question asks whether different constitutional grounds apply to consideration of joint resolutions and concurrent resolutions.  The

terms "concurrent resolution" and "joint resolution" do not appear in the constitutional provisions under discussion. These terms of nomenclature have nothing to do with what the Constitution requires or does not require. In the past, the term "concurrent resolution" has generally been used to apply to those resolutions to which the concurrence of both Houses of the Legislature is necessary, and to which Article IV, Section 15, providing for approval by the Governor, is applicable. The term "joint resolution" has in the past been applied solely to those resolutions proposing Constitutional amendments. These latter resolutions are not subject to the approval of the Governor. As to them, Article IV, Section 15 has no application.

Insofar as the terms "concurrent resolution" and "joint resolution" provide a ready means of distinguishing between the two types of legislative actions, they are useful. Insofar as they might be thought to indicate some different manner of action by the Legislature, they are meaningingless. There is nothing in the Texas Constitution to prevent the Legislature from calling a resolution proposing a constitutional amendment a concurrent resolution, nor is there anything to prevent the Legislature from calling an amendment subject to the approval of the Governor, a joint resolution. Regardless of what a resolution is called, if its purpose is to propose a constitutional amendment, and it is passed by both Houses of the Legislature, it is not subject to the Governor's approval.

## SUMMARY

The Texas Legislature, sitting in special session, may request the Congress of the United States to call a convention to amend the United States Constitution even though this subject was not included in the proclamation of the Governor calling the session, and provided the resolution passes both Houses of the Legislature, no valid objection may be made to it.

The terms "concurrent resolution" and "joint resolution" are matters of nomenclature only and it is necessary to look at the content of the resolution itself to determine what constitutional provisions are applicable.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

-5694-

Honorable Preston Smith, page 8    (M 1167)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Houghton Brownlee
J. C. Davis
Milton Richardson
John Reeves

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant